UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE PALAZZOLO, #250490,

        Petitioner,

v.

    CASE NO.  2:12-CV-11976
    HONORABLE SEAN F. COX

JOAN ROGGENBUCK,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I.    Introduction**

Michigan prisoner Dante Palazzolo ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in custody in violation of his constitutional rights.  Petitioner pleaded guilty to larceny in a building, MICH. COMP. LAWS § 750.360, and carrying a concealed weapon, MICH. COMP. LAWS § 750.227, in the Oakland County Circuit Court.  Following a probation violation, he was sentenced as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 1 to 15 years imprisonment and 1 to 20 years imprisonment on those convictions in 2009.  In his pleadings, Petitioner raises claims concerning his sentence, his plea, the non-disclosure of evidence, and double jeopardy.

The matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition as untimely under the one-year statute of limitations applicable to federal habeas actions.  Having reviewed the matter, the Court finds that the habeas petition is untimely under 28

U.S.C. § 2244(d) and must be dismissed. The Court further finds a certificate of appealability and leave to proceed *in forma pauperis* on appeal should be denied.

## II.     Facts and Procedural History

Petitioner's convictions arise from his theft of a lawnmower from a garage in Hazel Park, Michigan and his possession of two concealed knives on April 7, 2008. Petitioner tendered his plea on January 12, 2009 and was initially sentenced to time served in jail and two years probation on January 26, 2009. Petitioner was subsequently found guilty of violating his probation and re-sentenced to concurrent terms of 1 to 15 years imprisonment and 1 to 20 years imprisonment on April 13, 2009. The judgment of sentence was filed on May 5, 2009.

Sometime thereafter, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on February 1, 2010. Petitioner filed another motion for relief from judgment with the state trial court, which was treated as a request for reconsideration and denied on June 21, 2010. Petitioner did not pursue any appeals in the Michigan appellate courts.

Petitioner did not date his federal habeas petition, but it was postmarked on April 17, 2012 and filed by the Court on May 1, 2012. Respondent filed the instant motion for summary judgment on November 5, 2012. Petitioner has not filed a response to the motion.

## III.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the filing date for this case because Petitioner instituted this action after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year limitations period for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

>  limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's amended judgment of sentence was filed on May 5, 2009. He did not file a direct appeal of that sentence. His sentence thus became final on May 5, 2010 when the one-year period for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired. *See* MICH. CT. R. 7.205(F)(3) (imposing a 12-month time frame for late appeal – prior to a June, 2011 amendment which reduced the time to 6 months); *Gonzalez v. Thaler*, _ U.S. _, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the time for seeking state court review expires); *Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Accordingly, Petitioner was required to file his federal habeas petition on

or before May 5, 2011, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his first motion for relief from judgment and was denied relief on that motion before his sentence became final on May 5, 2010. The trial court treated his second motion for relief from judgment, filed on June 8, 2010, as a request for reconsideration and denied relief on June 21, 2010. Thus, at most, the one-year statute of limitations was tolled until June 21, 2010. Petitioner did not pursue a direct appeal of his convictions and sentence or appeal the denial of his motion for relief from judgment in the Michigan appellate courts. Consequently, the one-year limitations period began running on June 22, 2010 and expired one-year later on June 22, 2011. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002), and explaining that a post-conviction application is "pending" within the meaning of § 2244(d)(2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law"). Petitioner's undated habeas petition was postmarked on April 17, 2012 – more than nine months after the one-year period had expired.

Petitioner has not shown that the State created an impediment to the filing of his habeas petition, nor has he shown that his claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant relief. His habeas action is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable

4

tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Petitioner makes no such showing.

Moreover, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Holland*.

The United States Court of Appeals for the Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway*, 166 F. Supp. 2d at 1190. As explained in *Souter*,

5

to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner makes no such allegation. Moreover, his guilty plea belies an actual innocence claim. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Catala v. Bennett*, 273 F. Supp. 2d 468, 474 (S.D.N.Y. 2003) (same). Petitioner is not entitled to equitable tolling of the one-year period. His petition is untimely and must be dismissed.

**IV.    Conclusion**

Based upon the foregoing discussion, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes habeas review. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal because any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.


Dated: January 7, 2013            s/ Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Court Judge


I hereby certify that on January 7, 2013, the foregoing document was served upon counsel of record by electronic means and upon Dante Palazzolo by First Class Mail at the address below:

Dante Palazzolo
647 Hawthorne
Detroit, MI 48108

Dated: January 7, 2013            s/ J. McCoy
                                          Case Manager